## COTTONE v. SPIVACH et al.

### (Supreme Court, Special Term, New York County. June 5, 1916.)

CHATTEL MORTGAGES ⬅︎287—ACTIONS—JUDGMENT—DEFICIENCY.

Although a chattel mortgage given as security for notes does not provide for deficiency judgment against the mortgagor, if the proceeds of the sale of the mortgaged chattels are insufficient to pay the mortgage debt, the mortgagor is personally liable for any deficiency.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 570; Dec. Dig. ⬅︎287.]

Action by Antony Cottone against Morris Spivach and another. Judgment for plaintiff.

Weil, La Guardia & Espen, of New York City (Jesse Weil, of New York City, of counsel), for plaintiff.

Philip Match, of New York City, for defendant Spivach.

Max Silverstein, of New York City, for defendant Randell.

GIEGERICH, J. The action is to foreclose a chattel mortgage executed by the defendant Spivach to the plaintiff to secure the payment of seven promissory notes given by him, four of which remain unpaid and payment of which has been refused after the maturity thereof. The mortgaged chattels are in the possession of the defendant Randell, who refuses to surrender possession of the same to the plaintiff after demand duly made. The defendant Spivach sets up in his answer that he voluntarily surrendered possession of the mortgaged chattels to the plaintiff, but I find against him on that issue.

The defendant Spivach urges that as the chattel mortgage does not provide for any deficiency the plaintiff is not entitled to any deficiency judgment against him. The rule, however, is that if the proceeds of the sale of the mortgaged chattels are insufficient to pay the mortgage debt the mortgagor is personally liable for any deficiency. 7 Cyc. 111. It is difficult to conceive how the rule could be otherwise. The defendant against whom the deficiency is sought to be enforced has given notes for the entire original debt, and the chattel mortgage was given as security for the payment of these notes. How the collection of a portion of such indebtedness, by the sale of the collateral, could have the effect of depriving the creditor of his right to the balance is not shown by the defendant. The plaintiff is therefore entitled to judgment foreclosing the mortgage as against both defendants, and to a deficiency judgment against the defendant Spivach, with costs. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof.

Submit for my signature upon two days' notice of presentation a complete decision embodying all findings made by me, with proof of service on the other side.